IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02676-BNB

THOMAS WARREN RAY,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director Department of Corrections,
    State of Colorado,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Thomas Warren Ray, a state prisoner, initiated this action by filing *pro se* a letter with the Court on October 9, 2012, complaining about his conditions of confinement at the Colorado Territorial Correctional Facility (CCF) in Canon City, Colorado. In an October 11, 2012 Order, Magistrate Judge Boyd N. Boland directed Mr. Ray to cure certain enumerated deficiencies in this action within thirty days. Specifically, Mr. Ray was ordered to submit a Prisoner's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or, in the alternative, to pay the $350.00 filing fee. Mr. Ray was also instructed to submit a Prisoner Complaint on the court-approved form.

    Mr. Ray filed a Prisoner Complaint on February 25, 2013. After obtaining several extensions of time, Mr. Ray filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on May 1, 2013. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the Prisoner Complaint liberally because Mr. Ray is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below, Mr. Ray will be ordered to file an amended complaint.

Mr. Ray alleges in the Prisoner Complaint that unidentified state prison officials are denying him access to the courts to appeal his state criminal conviction. He further alleges that he was attacked by prison guards at CCF in 2012, is being forcefully medicated with anti-psychotic drugs, and is being harassed by unidentified prison guards who do not want him to file civil charges against the United States Navy for failing to hire him when he applied for the position of naval police officer. Mr. Ray claims that the Defendant has violated his right to equal protection of the laws, the federal Whistleblower Protection Act, the Homeland Security Act, the Patriot Act, and the No Fear Act (Federal Employee Antidiscrimination and Retaliation Act). He seeks injunctive relief.

The Prisoner Complaint is deficient because Mr. Ray fails to allege specific facts to show the personal participation of the only named Defendant, the former executive director of the Colorado Department of Corrections, in a deprivation of his constitutional or federal statutory rights. Personal participation is an essential element of a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or

failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A supervisor can only be held liable for his own deliberate intentional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Mr. Ray may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Ray uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Plaintiff must also allege specific facts to show that the defendant was personally involved in a deprivation of his constitutional rights.

Finally, there is no private cause of action under the Homeland Security Act, the Patriot Act, or the No Fear Act.  *See Med. Supply Chain, Inc. v. U.S. Bancorp, NA*, No. 03-3342, 112 F. App'x 730, 731 (10th Cir. Nov. 8, 2004) (unpublished) (Patriot Act); *Hanninen v. Fedoravitch*, 583 F.Supp.2d 322, 326 (D. Conn. 2008) (Patriot Act); *Ivyport Logistical Services, Inc. V. Caribbean Airport Facilities, Inc.*, 502 F.Supp.2d 227, 230 (D. Puerto Rico 2007) (Homeland Security Act); *Pedicini v. United States*, 480 F.Supp.2d 438, 459 (D. Mass. 2007) (No Fear Act).  Furthermore, Mr. Ray does not

allege that he was ever an employee of the federal government and covered under the Whistleblower Protection Act.  *See* 5 U.S.C. §§2105, 2302(b).  Accordingly, it is

ORDERED that Plaintiff, Thomas Warren Ray, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss this action without further notice for the reasons discussed above.  It is

DATED May 8, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge