IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02676-BNB

THOMAS WARREN RAY,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director Department of Corrections,
    State of Colorado,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Thomas Warren Ray, a state prisoner, initiated this action by filing *pro se* a letter with the Court on October 9, 2012, complaining about his conditions of confinement at the Colorado Territorial Correctional Facility (CCF) in Canon City, Colorado.  In an Order dated October 11, 2012, Magistrate Judge Boyd N. Boland directed Mr. Ray to cure certain enumerated deficiencies in this action within thirty days. Specifically, Mr. Ray was ordered to submit a Prisoner's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or, in the alternative, to pay the $350.00 filing fee.  Mr. Ray was also instructed to submit a Prisoner Complaint on the court-approved form.

    Mr. Ray filed a Prisoner Complaint on February 25, 2013.  After obtaining several extensions of time, Mr. Ray filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on May 1, 2013.

    On May 8, 2013, Magistrate Judge Boland directed Mr. Ray to file an amended complaint, within thirty days, alleging the personal participation of the Defendant in a deprivation of Plaintiff's constitutional rights.  Mr. Ray did not file an amended complaint

by the court-ordered deadline and has not communicated with the Court since May 1, 2013.  Notwithstanding, the Court will review the allegations of the original Complaint.

Mr. Ray has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2012).  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Prisoner Complaint liberally because Mr. Ray is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the Court will dismiss the Complaint and this action.

Mr. Ray alleges in the Prisoner Complaint that unidentified state prison officials are denying him access to the courts to appeal his state criminal conviction.  He further alleges that he was attacked by prison guards at CTCF in 2012, that he is being forcefully medicated with anti-psychotic drugs, and that he is being harassed by unidentified prison guards who do not want him to file civil charges against the United States Navy for failing to hire him when he applied for the position of naval police officer.  Mr. Ray claims that the Defendant violated his right to equal protection of the laws, the federal Whistleblower Protection Act, the Homeland Security Act, the Patriot Act, and the No Fear Act (Federal Employee Antidiscrimination and Retaliation Act).  He seeks injunctive relief.

The Prisoner Complaint is deficient because Mr. Ray fails to allege specific facts to show the personal participation of the only named Defendant, the former executive director of the Colorado Department of Corrections, in a deprivation of his constitutional or federal statutory rights. Personal participation is an essential element of a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."). Mr. Ray does not allege any specific facts to show how the Defendant was personally involved in the alleged constitutional violations. As such, the claims against Defendant are improper and will be dismissed.

Furthermore, there is no private cause of action under the Homeland Security Act, the Patriot Act, or the No Fear Act. *See Med. Supply Chain, Inc. v. U.S. Bancorp, NA*, No. 03-3342, 112 F. App'x 730, 731 (10th Cir. Nov. 8, 2004) (unpublished) (Patriot Act); *Hanninen v. Fedoravitch*, 583 F.Supp.2d 322, 326 (D. Conn. 2008) (Patriot Act); *Ivyport Logistical Services, Inc. V. Caribbean Airport Facilities, Inc.*, 502 F.Supp.2d 227,

230 (D. Puerto Rico 2007) (Homeland Security Act); *Pedicini v. United States*, 480 F.Supp.2d 438, 459 (D. Mass. 2007) (No Fear Act).  And, Mr. Ray does not allege that he was ever an employee of the federal government, so as to be covered under the Whistleblower Protection Act.  *See* 5 U.S.C. §§2105, 2302(b).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Ray files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Ray has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Ray may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this  14th  day of      June         , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court